IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SHANE GAULT,**

    **Petitioner,**                                   **CASE NO. 2:10-CV-790**
                                                          **JUDGE MICHAEL H. WATSON**
**v.**                                                            **Magistrate Judge E.A Preston Deavers**

**WARDEN, WARREN CORRECTIONAL**
**INSTITUTION,**

    **Respondent.**

**ORDER**

Petitioner has filed a request for the appointment of counsel to represent him in these habeas corpus proceedings. Doc. 13. Petitioner states that he is incarcerated in a "close security" prison where, during the course of shake downs and cell searches he has lost access to legal documents relevant to this habeas corpus petition. Petitioner indicates that he has limited access to the prison's law library. He contends that the interests of justice require the appointment of counsel to represent him in these proceedings, particularly in view of the lengthy term of imprisonment imposed by the state trial court.

> It is well established that a habeas corpus proceeding is civil in nature, and the Sixth Amendment right to counsel afforded for criminal proceedings does not apply. *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Barker v. Ohio,* 330 F.2d 594 (6th Cir.1964). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. 18 U.S.C. § 3006A(g); *Mira v. Marshall,* 806 F.2d 636 (6th Cir. 1986). Appointment of counsel in a habeas proceeding has been found to be mandatory only if the district court determines that an evidentiary hearing is required. Rule 8(c), Rules Governing § 2254 Cases. Where no evidentiary hearing is necessary, as in the instant case, the district court will often consider (1) the legal complexity of the case, (2) factual complexity of the case, and (3) petitioner's ability to investigate and present his claims, along with any other relevant factors.

*Gammalo v. Eberlin,* No. 1:05-CV-617, 2006 WL 1805898, at *2 (N.D. Ohio June 29, 2006)(citing *Hoggard v. Purkett,* 29 F.3d 469 (8th Cir. 1994)).

Petitioner's *pro se* incarcerated status and his limited access to the prison's law library do not constitute unusual circumstances in habeas corpus proceedings.  Further, upon review of the record, the Court is not persuaded at this time that the interests of justice or due process require the appointment of counsel in this case. It does not appear that an evidentiary hearing will be required to resolve Petitioner's claims or that resolution of any of his claims will be unduly complex. Moreover, Petitioner already has effectively argued his position.  Finally, it appears that all of the documents necessary for resolution of this habeas corpus petition have already been made a part of the record before this Court.

Therefore, Petitioner's request for the appointment of substitute counsel (Doc. 13), is **DENIED.**

**IT IS SO ORDERED.**

  s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge

Date:   January 20, 2011