IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHANE GAULT,

    Petitioner,                       CASE NO. 2:10-CV-790
                                          JUDGE MICHAEL H. WATSON
    v.                                  MAGISTRATE JUDGE E.A. PRESTON DEAVERS

MICHAEL SHEETS, WARDEN,

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the instant Petition, Respondent's *Return of Writ* and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## FACTS and PROCEDURAL HISTORY

The January 2006 term of the Fayette County, Ohio grand jury returned an indictment against Petitioner for one count of aggravated murder in the death of his nine year old son with a death penalty specification, two counts of aggravated arson, and tampering with evidence. *Exhibit 1 to Return of Writ.* While represented by counsel, Petitioner entered a plea of not guilty by reason of insanity. The trial court appointed an expert to evaluate Petitioner's mental condition. *Exhibits 3 and 4 to Return of Writ.* On March 27, 2007, the trial court found Petitioner competent to stand trial. *Exhibit 5 to Return of Writ.* At Petitioner's request, the trial court subsequently appointed a neuropsychologist to examine Petitioner. *Exhibit 6 to Return of Writ.* Thereafter, on July 27, 2007, pursuant to the terms of his negotiated guilty plea, Petitioner pleaded guilty to aggravated murder and aggravated arson. Pursuant to the agreement of the parties, the trial court imposed a sentence

of life in prison with parole eligibility after thirty years for aggravated murder and two years for aggravated arson to be served consecutively to the murder charge. *Exhibits 7, 8 to Return of Writ.* Petitioner did not file an appeal. On January 15, 2008, he filed a motion to vacate judgment under *Blakely v. Washington,* 542 U.S. 296 (2004). *Exhibit 9 to Return of Writ*. On April 7, 2008, Petitioner filed a motion to vacate his guilty plea on the basis that a single judge improperly accepted the plea. It does not appear from the record that the trial court has ever issued a ruling on either of the foregoing motions.

On July 7, 2008, Petitioner filed a motion for delayed appeal. On December 2, 2008, the appellate court granted his motion. Represented by new counsel, Petitioner raised the following assignments of error:

> 1. The trial court erred in failing to ensure that defendant-appellant's change of plea and waiver of a jury trial was done knowingly, intelligently and voluntarily due to appellant's known and progressive mental health condition and/or illness.
>
> 2. The trial court erred in accepting a change of plea from defendant-appellant for charges that were not supported by the sufficiency of the evidence in the record.
>
> 3. The trial court erred to the prejudice of defendant-appellant during the sentencing hearing held on July 27, 2008 by failing to comply with the requirements set forth in Criminal Rule 32(A).

*Exhibit 16 to Return of Writ*. On July 14, 2009, the appellate court affirmed the judgment of the trial court. *Exhibit 19 to Return of Writ*. On November 23, 2009, the Ohio Supreme Court dismissed Petitioner's subsequent appeal as not involving any substantial constitutional question. *Exhibit 23 to Return of Writ.* On September 24, 2009, Petitioner filed an application to reopen his appeal

pursuant to Ohio Appellate Rule 26(B). He asserted that he had been denied effective assistance of appellate counsel due to his attorney's failure to raise on appeal the following claim:

> The trial court failed to comply with Crim.R. 11(C)(2)(a), when it erroneously advised Defendant-Appellant of a mandatory 5 year term of post release control, when post release control was inapplicable to his case.

*Exhibit 24 to Return of Writ*. On January 3, 2010, the appellate court denied Petitioner's Rule 26(B) application. *Exhibit 26 to Return of Writ.* On May 5, 2010, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *Exhibit 29 to Return of Writ.*

On September 2, 2010, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he is in the custody of the Respondent in violation of the Constitution of the United States based upon the following grounds:

1. The trial court erred in failing to ensure that appellant's change of plea and waiver of a jury trial was done knowingly, intelligently, and voluntarily due to appellant's known and progressive mental health condition and/or illness.

2. The trial court erred in accepting a change of plea from defendant-appellant for charges that were not supported by the sufficiency of the evidence in the record.

3. The trial court erred to the prejudice of defendant/appellant during the sentencing hearing held on July 27, 2008, by failing to comply with the requirements set forth in Criminal Rule 32(A).

It is the position of the Respondent that Petitioner's claims are without merit.

## CLAIM ONE

In claim one, Petitioner asserts that his guilty plea was not knowing, intelligent or voluntary

in view of his mental health issues. The state appellate court rejected Petitioner's claim, reasoning as follows:

> Gault's first assignment of error is overruled, as he made a knowing, voluntary, and intelligent guilty plea and the trial court complied with Crim. R. 11(C) in administering the plea colloquy. . . . [W]hile Gault claims that his mental illness precluded him from making a valid plea, the record demonstrates that the trial court explained all the rights Gault was waiving, and made sure that Gault understood the implication of waiving his constitutional and nonconstitutional rights. After hearing the facts as presented by the state, including the fact that Gault "purposely caused the death of his son***" Gault made no indication that he did not understand what he was pleading guilty to or that he was unable to comprehend the charges.

*Exhibit 19 to Return of Writ*.

The factual findings of the state appellate court are presumed to be correct. 28 U.S.C. § 2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented. 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Court of Appeals for the Sixth Circuit has summarized this standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court on materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from the Supreme Court's decisions but unreasonably applies it to the facts of the petitioner's case.

*Boykin v. Webb,* 541 F.3d 638, 642 (6th Cir. 2008) (quoting *Williams v. Taylor,* 529 U.S. 362 (2000)). This Court is not persuaded that Petitioner has met this standard here.

Because a criminal defendant waives numerous constitutional rights when he pleads guilty, the plea must be entered into knowingly and voluntarily in order to be constitutionally valid. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). " 'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir.1988) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). In applying this standard, the Court must look at the totality of circumstances surrounding the plea. *Id.* A criminal defendant's solemn declaration of guilt carries a presumption of truthfulness. *Henderson v. Morgan*, 426 U.S. 637, 648 (1976). Further, a criminal defendant cannot successfully challenge the voluntariness of his plea merely on the basis that he was motivated to plead guilty. *Brady v. United States*, 397 U.S. 742, 750 (1970).

As discussed by the state appellate court, the transcript of Petitioner's guilty-plea hearing indicates that he understood the terms of the plea agreement, as outlined by the prosecutor and wanted to plead guilty. *Guilty Plea Transcript*, at 6-7. He had no questions for the trial judge or

5

for his attorney. *Id.* at 7. He understood that the parties had agreed to a recommended sentence of life without parole eligibility before thirty-two years. *Id*. at 7-8. He had discussed the charges and sentence with his attorney and wanted to plead guilty. *Id*. at 8. He was responsive to all of the trial court's questions, and at all time responded in an appropriate manner. He indicated that he could read and write, and had no difficulty understanding everything that was being said and what was happening. *Id*. at 9. The trial judge advised petitioner to let him know if, at any time he had any questions or needed clarification. *Id.* at 10. The trial court advised Petitioner of the sentence he faced. Petitioner indicated that he understood and still wanted to enter a guilty plea. *Id*. at 10-12. The trial court advised Petitioner of all of the rights he was waiving by entry of his guilty plea. Petitioner at all times indicated that he understood and at no times asked any questions. *Id*. at 12-15. Petitioner indicated he had no questions regarding the potential penalties he faced. *Id*. at 17. Prior to the trial court's acceptance of the guilty plea, Petitioner indicated that he had no questions at all as to what was taking place. *Id*. at 18. The prosecutor summarized the facts as follows:

> During the early morning hours of May 22, 2006 Shane Gault Senior while in the city of Washington Court House in Fayette County, did purposely cause the death of his son Shane Gault Junior. During these early morning hours of the 22nd of May 2006 Shane Gault Senior did stab Shane Gauylt Junior with a kitchen knife, kitchen butcher knife and a kitchen steak knife. Shane Gault Senior also stabbed Shane Gault Junior with a large carpenter screwdriver impaling the victim through his heart which caused the death of Shane Gault Junior. Shane Gault Junior suffered twenty-nine sharp force injuries from stab wounds to the chest, abdomen, and back[. O]f the twenty-nine wounds, according to the coroner and Montgomery County four were considered fatal. This is a picture of Shane Gault Junior who was nine years old at the time of his murder. At approximately 6:00 AM on the 22nd day of May 206 Shane Gault Senior in the city of Washington Courthouse in Fayette County did knowingly cause physical harm to an occupied structure that being his residence which is located at 621 Willabar Washington Courthouse Ohio. . . . At that date and time Shane Gault Senior did

6

> set fire to plastic blinds in the kitchen of his residence fire, was started with a Bic lighter. The scope of the fire was sufficient to destroy both the kitchen blinds and to cause significant heavy smoke damage to the kitchen area as well as some burning in the kitchen area and moderate smoke damage to other areas of the residence. At this date and time the residence at 621 Willabar was an occupied structure being the primary residence of Shane C. Gault Senior and Shane C. Gault Junior. . . .

*Id*. at 19-20. Petitioner agreed with the nature of the charges and indicated his desire to plead guilty. Id. at 20-21. He denied being made any promises or being threatened. *Id*. at 21-22. He indicated that his guilty plea was freely and voluntarily being made. *Id*. at 22. Defense counsel stated he knew of no reason not to proceed to sentencing. *Id*. at 26. After the victim's mother spoke, Petitioner indicated there was nothing he wanted to say before the court proceeded to sentencing. *Id*. at 29. He had no questions regarding his sentence. *Id*. at 31.

Nothing in the record supports Petitioner's allegation now that he was unable to understand the nature of his guilty plea. Petitioner responded appropriately at all times to all of the trial court's questions and at all times represented to the court that he understood the charges, all of the rights he was waiving, and wanted to plead guilty. He repeatedly indicated that he had no questions concerning any of the proceedings. These representations carry great weight in this Court's resolution of Petitioner's allegations here.

> [T]he representations of the defendant, his lawyer, and the prosecutor at [the guilty plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible. *Machibroda, supra*, 368 U.S. at 495-496, 82 S.Ct., at 514 (s 2255); *Price v. Johnston, supra*, at 334 U.S. 266, 286-287, 68 S.Ct. 1049, 1060-1061, 92 L.Ed. 1356 (s 2243).

7

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). This Court must indulge a strong presumption that statements made by the parties at the plea hearing were truthful. *Id*. Moreover, the trial judge indicated that he had previously engaged in numerous discussions with counsel and reviewed the psychological reports prior to accepting Petitioner's guilty plea.[1]

Claim one is without merit.

## CLAIM TWO

In claim two, Petitioner asserts that the charges were unsupported by sufficient evidence for acceptance of his guilty plea. This claim fails to present an issue appropriate for federal habeas corpus relief. The United States Constitution does not require the development of a factual basis for a guilty plea. Although the law requires a trial court to elicit a factual basis for the plea prior to accepting a defendant's guilty plea, the lack of such development will not provide a basis for federal habeas corpus relief. *Meyers v. Gillis*, 93 F.3d 1147, 1151 (3d Cir. 1996); *see also Dunn v. Bell*, 2006 WL 3206125 (E.D. Mich. Nov. 6, 2006)("There is no federal constitutional requirement that a factual basis be established to support a guilty plea")(citing *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995). "[T]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes." *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995). Thus, Petitioner's claim that the trial court failed to establish a sufficient factual basis to

---

[1] [T]he court has taken this case very seriously. I reviewed literally volumes of discovery evidence provided by the State. We've had numerous conversations with counsel. The Court's reviewed various psychiatric and psychological reports the most recent being from doctor Doninger, in detail that attempt to give some explanation to the events that occurred. . . .

*Guilty Plea Transcript*, at 30.

support his guilty plea does not provide a basis for federal habeas relief because the federal constitution contains no such requirement.

**CLAIM THREE**

In claim three, Petitioner asserts that the trial court unconstitutionally failed to comply with Ohio's Criminal Rule 32(A) by failing to give Petitioner the opportunity to make a personal statement or provide mitigating information. To the extent Petitioner raises an issue regarding the alleged violation of Ohio rules, this claim fails to present an issue appropriate for federal habeas corpus relief. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir.1988). " '[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure' " in considering a habeas petition. *Id*. (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Such are not the circumstances here.

Moreover, there is no federal right to allocution at sentencing. *Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997). "The Supreme Court has recognized that 'a sentencing judge's failure to ask a defendant if he had anything to say. . . was not an error of constitutional dimension and could not support a writ of habeas corpus.'" *Sims v. Davis*, 2010 WL 420024 (E.D. Mich. Jan.

9

28, 2010)(citations omitted).²

**WHEREUPON,** the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

### PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation* de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                                     *s/ Elizabeth A. Preston Deavers*

---

[2] Moreover, the record reflects that the state court offered Petitioner an opportunity to speak before imposing sentencing, but that Petitioner declined to say anything. *Guilty Plea Transcript,* at 29-30.

**Elizabeth A. Preston Deavers**
                                                            **United States Magistrate Judge**


Date:  April 24, 2012